IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRENDA MATHIS, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| BLUE IVORY RESTAURANT, | : | |
| LLC, | : | |
| | : | |
| Defendant. | : | |

---

## COMPLAINT

---

Plaintiff Brenda Mathis ("Mathis") brings this Complaint against Defendant

Blue Ivory Restaurant, LLC ("Blue Ivory") and shows the Court as follows:

1. **INTRODUCTION**

1.

This is a wage and hour case.  Mathis brings this action pursuant to the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* ("the FLSA")

because Blue Ivory employed her on an tips-only basis and thereby violated the

FLSA's minimum wage and maximum hours requirements.

## 2.    JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Blue Ivory is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3.    THE PARTIES

4.

Mathis resides in Fulton County, Georgia.

5.

Blue Ivory is a Domestic Limited Liability Company organized under the laws of the State of Georgia.

6.

Blue Ivory is subject to the personal jurisdiction of this Court.

7.

Blue Ivory may be served with process through its registered agent Alexandria Davis at 599 Whitehall Street, Atlanta, Georgia 30303.

**4.    INDIVIDUAL COVERAGE:**

8.

At all times material hereto from approximately February 5, 2015 through June 27, 2015 and again from June 4, 2016 through June 9, 2016 ("the Relevant Time Period"), Mathis was "engaged in commerce" as an employee of Blue Ivory as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**5.    ENTERPRISE COVERAGE:**

9.

During the Relevant Time Period, two or more Blue Ivory employees, including Mathis, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: food; food containers; tableware; glassware; utensils; beverages; liquor; beer; paper; and pens.

10.

At all times during the Relevant Time Period, Blue Ivory was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2015, Blue Ivory had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2016, Blue Ivory had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2015, Blue Ivory had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2016, Blue Ivory had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2015, Blue Ivory had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

During 2016, Blue Ivory had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

At all times during the Relevant Time Period, Blue Ivory has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**6.    FACTUAL ALLEGATIONS**

18.

Blue Ivory employed Mathis as a server from approximately February 5, 2015 through June 27, 2015.

19.

Blue Ivory employed Mathis again as a server from approximately June 4, 2016 through June 9, 2016.

20.

At all times material hereto, Blue Ivory was an "employer" of Mathis as defined in FLSA § 3(d), 29 U.S.C. §203(d).

21.

During the Relevant Time Period, Mathis was an "employee" of Blue Ivory as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

22.

At all times during the Relevant Time Period, Mathis was not exempt from the maximum hour requirements of the FLSA by reason of any legal exemption.

23.

At all times during the Relevant Time Period, Blue Ivory did not employ Mathis in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

24.

At all times during the Relevant Time Period, Blue Ivory did not employ Mathis in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

25.

At all times during the Relevant Time Period, Mathis did not exercise independent judgment and discretion in making significant business decisions on behalf of Blue Ivory.

26.

At all times during the Relevant Time Period, Blue Ivory did not employ Mathis in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

27.

At all times during the Relevant Time Period, Blue Ivory did not employ Mathis in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

28.

During the Relevant Time Period, Blue Ivory required Mathis to clock-in at the beginning of each scheduled work shift and clock-out at the end of each scheduled work shift.

29.

During the Relevant Time Period, Blue Ivory regularly scheduled Mathis to work six days each work week.

30.

During the Relevant Time Period, Blue Ivory scheduled Mathis to work 16-hour shifts on each Friday, Saturday and Sunday.

31.

During the Relevant Time Period, Blue Ivory also scheduled Mathis to work 10-hour shifts on three additional days each work week.

32.

During the Relevant Time Period, Blue Ivory did not provide Mathis with a scheduled meal break during each work day.

33.

During the Relevant Time Period, Blue Ivory did not afford Mathis the opportunity to take a meal break during any work shift.

34.

During the Relevant Time Period, Mathis was not relieved from duty for the purpose of a meal break during any work shift.

35.

During the Relevant Time Period, Mathis worked approximately 78 hours during each work week.

36.

During the Relevant Time Period, Mathis regularly worked more than forty hours in a given workweek.

37.

During the Relevant Time Period, Blue Ivory employed Mathis on a tips-only basis, whereby sole form of remuneration for the work she performed at the direction of and for the benefit of Blue Ivory was the receipt of tips from Blue Ivory's customers

38.

During the Relevant Time Period, Blue Ivory failed to pay Mathis an hourly wage.

## COUNT I

### FAILURE TO PAY MINIMUM WAGE

39.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

40.

At all times material hereto, Mathis has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

41.

At all times material hereto, Blue Ivory failed to compensate Mathis at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

42.

Mathis is entitled to payment of minimum wages from Blue Ivory in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

43.

As a result of the underpayment of minimum wages as alleged above, Mathis is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the underpayment of minimum wages, Blue Ivory is liable to Mathis for her costs of litigation including her reasonable attorneys' fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PAY OVERTIME

45.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

46.

At all times during the Relevant Time Period, Mathis has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

47.

At all times during the Relevant Time Period, Mathis regularly worked in Blue Ivory' employ in excess of forty (40) hours during each work week.

48.

At all times during the Relevant Time Period, Blue Ivory failed to pay Mathis at one and one half times her regular rate for work in excess of forty (40) hours in any work week.

49.

Blue Ivory willfully failed to pay Mathis at one and one half times her regular rate for work in excess of forty (40) hours in any week during the Relevant Time Period.

50.

Mathis is entitled to payment of overtime compensation in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of overtime compensation as alleged above, Mathis is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of overtime compensation as alleged above, Mathis is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That she be awarded due but unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages and prejudgment interest thereon;

2. That she be awarded due but unpaid overtime compensation in an amount to be determined at trial against Blue Ivory, plus an additional like amount in liquidated damages and prejudgment interest thereon;

3. That she be awarded her costs of litigation, including her reasonable attorneys' fees from Blue Ivory; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS*
*FITZPATRICK & BENJAMIN, LLC*

3100 CENTENNIAL TOWER          */s/CHARLES R. BRIDGERS*
101 MARIETTA STREET            CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303         GA. BAR NO. 080791
(404) 979-3171
(404) 979-3170 (f)             */s/ KEVIN D. FITZPATRICK, JR.*
kevin.fitzpatrick@dcbflegal.com    KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com      GA. BAR NO. 262375

                               COUNSEL FOR PLAINTIFF